# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**LORIA ANN BLAIR,**

    **Plaintiff,**

**vs.**                                                                 **CASE NO. 1:07CV242-MP/AK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) under Title II of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## A.    PROCEDURAL HISTORY

Plaintiff filed an application for DIB on July 29, 2005, alleging a disability onset date of September 19, 2004, because of carpal tunnel syndrome, neck, back, and shoulder pain. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on April 23, 2007, and entered an unfavorable decision

on August 23, 2007. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

## B.     FINDINGS OF THE ALJ

The ALJ found that Plaintiff's impairments, although severe, did not meet any of the listings and did not preclude her from performing a full range of light work activities. Utilizing the Medical-Vocational Guidelines, the ALJ found that there were a number of jobs in the national economy which she could perform, and she was therefore not disabled.

## C.     ISSUES PRESENTED

Plaintiff argues that the ALJ failed to obtain a knowing and voluntary waiver of representation from Plaintiff at the hearing; the ALJ failed to use a vocational expert; and the ALJ violated her due process rights by holding a 13 minute hearing.

The government responds that Plaintiff was advised of her right to representation by several notices and again by the ALJ at the hearing, but she chose to go forward; that there was no prejudice from either her lack of representation or the briefness of the hearing; and the medical evidence supported the ALJ's finding that she had no non-exertional impairments.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:07CV242-MP/AK**

**D. STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:07CV242-MP/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him

**No. 1:07CV242-MP/AK**

from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

### E.  SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff was diagnosed with bilateral carpal tunnel syndrome confirmed by nerve conduction studies and it was suggested that she work at light duty with splints or have surgery. Her treating physician, Dr. Newcomer, found no loss of motion, deformity, or loss in grip strength. A consultative examination by Dr. Chodosh could find no clear evidence of carpal tunnel syndrome and no evidence of impairment in either her hands or shoulder or neck. He was of the opinion that she could work without any exertional or non-exertional limitations. MRI showed minimal degenerative changes in her lower back, and tendonitis in her shoulder with impingement syndrome.

### F.  SUMMARY OF THE ADMINISTRATIVE HEARING

At the hearing, the ALJ asked her if she had time to consider a representative, and she explained that she had called someone, but they would not take her case, and

**No. 1:07CV242-MP/AK**

she responded "Yes," to his inquiry of whether she wanted to proceed without an attorney. (R. 264). She won a workers compensation settlement for $22,000.00, with one attorney, and has another attorney for a recent slip and fall lawsuit that she is pursuing against a local grocery store. (R. 265-266). She is receiving shots and chiropractic care for her back injury and has arthritis in her neck and knees, and of course, the carpal tunnel syndrome. (R. 266). The ALJ then concluded the hearing. (R. 269).

## G.   DISCUSSION

### a)   Waiver of representation

Plaintiff claims that she was prejudiced by not having an attorney in that the ALJ failed to develop the record by obtaining an opinion from her treating physicians about her condition prior to her date last insured. He contends an attorney also would have noted the inconsistencies in the record about her DLI, which is listed in the opinion as December 31, 2006, but was reported in a notice sent to her when she applied for benefits initially as March 31, 2005.

An ALJ has a clear duty to fully and fairly develop the administrative record. Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995). This duty is heightened where a claimant is unrepresented, and this special duty essentially requires the development of a record that shows the claimant was not prejudiced by lack of counsel. Id.; Ellison v. Barnhart, 355 F.3d 1272 (11th Cir. 2003). In carrying out this duty, an ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant

**No. 1:07CV242-MP/AK**

facts." Smith v. Schweiker, 677 F.2d 826 (11th Cir. 1982). In all such cases, there must be a showing of prejudice before remand is warranted for further development. Brown, 44 F.3d at 935; Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). Prejudice has been found when the record has "evidentiary gaps which result in unfairness or 'clear prejudice.'" Brown, 44 F.3d at 935, *quoting* Ware v. Schweiker, 651 F.2d 408 (5th Cir. Unit A July 1981), cert. denied 455 U.S. 912. An ALJ is not required to order medical evidence to have a complete record unless the record establishes that it is necessary to enable the ALJ to render his decision. Holladay v. Bowen, 848 F.2d 1206 (11th Cir. 1988)(concerning the ordering of a consultative examination; Kelly, 761 F.2d at 1540 (concerning additional medical information submitted by the claimant).

The government argues in response that no prejudice was shown by a lack of representation. Regardless of her actual date last insured, the ALJ considered all the evidence through June 27, 2007, and was not required to obtain updates from her treating sources unless he found the record inadequate to make a determination without such updates.

The medical record is sufficient to show that she has no significant impairments to warrant disability and Plaintiff has failed to show how having an attorney would alter this fact. Further, she had an attorney for her workers compensation case and had recently obtained representation to pursue another lawsuit against a grocery store, thus, it is reasonable to assume that she understood the benefits of having an attorney and knowingly elected not to obtain one for this proceeding.

**No. 1:07CV242-MP/AK**

There is no merit to this ground.

    b)    <u>Failure to use a vocational expert</u>

Plaintiff argues that her pain and limitations in her hands, neck and shoulder are non-exertional impairments preventing her from performing a full range of light work and which preclude use of the grids.

At step five the Commissioner may in certain cases rely upon the grids to carry his burden of proving that there are jobs which claimant can do despite his inability to perform his past relevant work. The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level." <u>Wolfe v. Chater</u>, 86 F.3d at 1078, quoting <u>Passopulos v. Sullivan</u>, 976 F.2d 642, 648 (11th Cir. 1992). <u>See</u> <u>also</u> <u>Foote v. Chater</u>, 67 F.3d 1553, 1558 (11th Cir. 1995). "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." <u>Allen v. Sullivan</u>, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted). Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his basic work activities. <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990). In determining whether Plaintiff's allegations of pain and limitation in her hands, neck and shoulder were credible, the ALJ properly considered that she has not elected surgery, even though that has been the recommendation of her treating sources. "A medical

**No. 1:07CV242-MP/AK**

condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) quoting Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987). A claimant's refusal to follow prescribed medical treatment without a good reason will preclude disability, unless poverty can excuse non-compliance. Ellison v. Barnhart, 355 F.2d 1272, 1275 (11th Cir. 2003).

Even Plaintiff's own treating sources do not support a finding of a non-exertional limitation, (doc. 122), neither does the consultative examiner, Dr. Chodosh. (Doc. 149).

There is no merit to this ground, either.

c) <u>Length of hearing</u>

Plaintiff argues that the ALJ could not fully and fairly develop the record by holding a 13 minute hearing. The government argues that the length of the hearing is not determinative, it is whether or not the ALJ obtained sufficient information from the claimant during the hearing to make a just determination, citing Musgrave v. Sullivan, 966 F.2d 1371 (10th Cir. 1992).

While this was an extremely short hearing, the ALJ asked Plaintiff what her impairments were, he had the medical records of the impairments she alleged, and presumably was aware what those records contained. Since none of the medical records support a disabling impairment, a longer hearing would not have changed this fact.

Accordingly, it is respectfully **RECOMMENDED**:

**No. 1:07CV242-MP/AK**

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this 5th day of August, 2009.


        __s/ A Kornblum
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07CV242-MP/AK**